IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
UNITED STATES OF AMERICA,      )
                               )
               Plaintiff,      )    CRIMINAL ACTION
                               )
v.                             )    No.  01-10136-01
                               )    No.  05-3195-MLB
                               )
CHARLES TAYLOR,                )
                               )
               Defendant.      )
                               )
```

**MEMORANDUM AND ORDER**

By memorandum and order dated June 3, 2005 (Doc. 57), the court rejected defendant's arguments that he is entitled to relief under 28 U.S.C. § 2255 because his right to a speedy trial was violated.  The  court directed the government to respond to defendant's remaining claim that his counsel on direct appeal was ineffective because he failed to raise certain issues.  The government has filed its response (Doc. 58) and defendant has filed his rebuttal (Doc. 59).

Background

On September 25, 2002, defendant entered a conditional plea of guilty to bank robbery in violation of 18 U.S.C. § 2113(a).  The plea was made pursuant to an agreement in which defendant acknowledged that he faced a statutory maximum sentence of imprisonment for up to twenty years.  The agreement also provided that "the United States has advised this defendant that the matter of sentence is entirely within the purview of the sentencing court, and that the United States made no promises to this defendant or his attorney, regarding what sentence might be imposed." (Doc. 35

at ¶ 2). On even date, the defendant also signed and swore to a petition to enter a plea of guilty which stated that the maximum sentence was twenty years imprisonment and contained defendant's acknowledgment that "I know the sentence I will receive is solely a matter within the control of the Judge." (Doc. 34 at 2 and 4). A transcript of the plea was not prepared but the court is confident that he followed his usual procedure of explaining the maximum penalty to defendant, ensuring that defendant understood the maximum penalty and that no promises had been made to him regarding a specific sentence. Defendant does not contend otherwise. On January 21, 2003, defendant was sentenced to a term of 170 months imprisonment (Doc. 38), a sentence substantially less than the statutory maximum sentence of twenty years.

Defendant was classified as a career offender based upon prior convictions of aggravated drug trafficking, two in 1992 and a third in 1994. U.S.S.G. § 4B1.1. Defendant filed an objection to his classification as a career offender. His objection was as follows:

> <u>Defendant's Objection No. 1</u>: "In paragraphs 35 and 37, the defendant received a total of 5 points toward his criminal history for separate aggravated drug trafficking convictions. The defendant objects to them being treated separately as they were part of the same course of conduct and were treated as such in that the sentences were ran concurrently with one another. Counsel recognizes that U.S.S.G. § 4A1.2 and its commentary treats cases as unrelated if they are separated by intervening arrests. It appears these cases were separated by intervening arrests. Further, although the defendant objects to this criminal history calculation, as a practical matter it probably has no impact because even if the 2 convictions were treated as only a single conviction he also has another aggravated drug trafficking conviction in 1994, see paragraph 44. The defendant however, submits that his conviction in paragraph 44 was only simple possession of cocaine. If this is in fact the case, and if the 2 convictions that

-2-

> were running concurrently were considered related, Mr. Taylor would not be a career offender as set out in paragraph 27. If the defendant was not be a career offender, his actual guideline would not be enhanced by a level 32 computation, but would rather be a total adjusted level of 23 as you have set out in paragraph 26.

The court overruled defendant's objection and defendant did not appeal the court's ruling. He did appeal, however, on denial of speedy trial grounds. The Tenth Circuit rejected that appeal. <u>United States v. Taylor</u>, 353 F.3d 868 (2003).

### Discussion

Defendant contends that his counsel told him that he was facing only 58-71 months and that he would not have plead guilty had he known the sentence would be greater. Broadly construed, defendant's complaint is that his counsel was not aware of his criminal history: "If counsel knew about Petitioner's long criminal history, numerous incarcerations, and arrests why would counsel advise the Petitioner to take a plea advising him he was facing 63-to-78 months maximum. Counsel misled the Petitioner." This contention begs the question: why didn't defendant tell his counsel of his extensive criminal history? It does not serve as a basis for collateral relief because defendant was informed by the court and acknowledged under oath his understanding that he had not been promised any particular sentence.

He also contends that his counsel was ineffective because he failed to raise on direct appeal his classification as a career offender. Defendant claims that both of his 1992 drug trafficking convictions are "invalid" because his civil rights were restored and further that his 1994 drug trafficking conviction was for a

misdemeanor. He presents no evidence to support his former contention. His latter contention is conclusively refuted by the court documents admitted without objection at sentencing as government exhibit 2 which describe defendant's 1994 aggravated drug trafficking conviction as a "third degree felony." (See exhibit 2, attached. The name "Charles Auterbridge" is one of defendant's aliases.)

Thus, defendant's classification as a career offender was correct. His counsel was not ineffective for failing to raise defendant's career offender status on direct appeal.

## Conclusion

The court finds that the files and records conclusively show that defendant is entitled to no relief and his motion pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

Dated this __5th__ day of August 2005, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE